UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TECFOLKS, LLC,

               Plaintiff,

   -against-                                      **MEMORANDUM & ORDER**
                                                   11 CV 4334 (DRH) (WDW)
CLAIMTEK SYSTEMS, SYDASOFT, INC.,
KYLE FARHAT and NISHAT KURTZ,

               Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**VINCENT R. FONTANA, ESQ.**
Attorney for Plaintiff
1010 Franklin Avenue, Suite 200
Garden City, New York 11530

**BAILEY & OROZCO, LLC**
Attorneys for Defendants
744 Broad Street, Suite 1901
Newark, New Jersey 07102
By:    Michael A. Orozco, Esq.

**HURLEY, Senior District Judge:**

       Plaintiff TecFolks, LLC ("plaintiff" or "TecFolks") commenced this diversity action against defendants Claimtek Systems ("Claimtek"), Sydasoft, Inc. ("Sydasoft"), Kyle Farhat ("Farhat"), and Nishat Kurtz ("Kurtz") (collectively, "defendants") alleging fraud and breach of contract. Presently before the Court is defendants' motion, made pursuant to Rules 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure, seeking dismissal of plaintiff's Complaint based on the terms of a forum selection clause.[1] For the reasons set forth below, the motion is GRANTED.

---

   [1] While plaintiff's motion also argues that the Complaint should be dismissed because of a mediation and arbitration clause, the Court need not reach this issue.

## BACKGROUND

On November 30, 2010, TecFolks and Claimtek executed a Contract & Licensing Agreement (the "Contract") and an Addendum to the Contract. Pursuant to the Contract, Claimtek was to provide TecFolks with a medical claims processing system, which included training manuals, video tapes, medical billing software, technical support, and other items related to medical claims processing. (Compl. ¶ 10 & Ex. A.) TecFolks alleges that it paid defendants "$15,095 on signing the contract and executed a promissory note in the amount of $5,000." (*Id.* ¶ 11 & Ex. A.) Paragraph 18 of the Contract, which contains a forum selection clause, states, in relevant part:

> ClaimTek and the Licensee/Buyer/Purchaser expressly agrees and acknowledges that the forum and place of any dispute and resolution of any dispute, relating to or arising out of this contract, shall be in the State of California, in the city where Licensee/Buyer/Purchaser is located.

(*Id.*, Ex. A.)

On September 9, 2011, plaintiff filed the instant Complaint. TecFolks alleges that Claimtek violated the terms and conditions of the Contract and Addendum when it failed to provide, *inter alia*, (1) technical support to correct errors in the software; (2) a customized website; (3) 1,700 new brochures; (4) proper training; and (5) other technical, business and marketing support. (*Id.* ¶¶ 12-22.)

## DISCUSSION

**I.  LEGAL STANDARDS**

Neither the Supreme Court nor the Second Circuit has "specifically designated a single clause of Rule 12(b) as the 'proper procedural mechanism to request a dismissal of a suit based upon a valid forum selection clause.'" *Asoma Corp. v. SK Shipping Co.*, 467 F.3d 817, 822 (2d Cir. 2006) (quoting *New Moon Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d 24, 28 (2d Cir. 1997)); *see also CfirstClass Corp. v. Silverjet PLC*, 560 F. Supp. 2d 324, 326-27 (S.D.N.Y. 2008) ("There is a split of authority in the Second Circuit regarding the appropriate procedural mechanism by which to enforce a forum selection clause."). The Second Circuit has considered motions to dismiss in connection with a forum selection clause for lack of subject matter jurisdiction under Rule 12(b)(1), improper venue under to Rule 12(b)(3), and failure to state a claim under Rule 12(b)(6). *See CfirstClass Corp.*, 560 F. Supp. 2d at 327 (collecting cases). Presumably, in an abundance of caution, defendants bring their motion pursuant to both Rule 12(b)(1) and 12(b)(3). For sake of clarity, and consistent with the fact that Second Circuit courts appear to prefer Rule 12(b)(3) when faced with a dispute over the enforcement of a forum selection clause, this Court will analyze defendants' motion pursuant to Rule 12(b)(3).[2] *See Nippon Express U.S.A. (Ill.), Inc. v. M/V Chang Jiang Bridge*, 2007 WL 4457033, at *3 (S.D.N.Y. Dec. 13, 2007) ("Courts in this Circuit appear to prefer Rule 12(b)(3) as the procedural device used to enforce a forum selection clause.").

---

[2] The decision to analyze defendants' motion pursuant to Rule 12(b)(3) as opposed to Rule 12(b)(1) does not effect the Court's ability to consider material outside of the pleadings. *See, e.g.*, *TradeComet.com LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 375 n.3 (S.D.N.Y. 2010).

The Second Circuit has endorsed a four part analysis to determine whether to dismiss a claim based upon a forum selection clause. *See S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 708 (2d Cir. 2010); *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). The first three parts of the analysis is as follows:

> The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires us to classify the clause as mandatory or permissive, i.e., to decide whether the parties are *required* to bring any dispute to the designated forum or simply *permitted* to do so. Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause."

*Phillips*, 494 F.3d at 383 (citations omitted). "If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable" and the court should proceed to the fourth inquiry, which is "whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Id.* at 383-84 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, L. Ed. 2d 513 (1972)).

## II.    FORUM SELECTION CLAUSE IS ENFORCEABLE

At the outset, the Court briefly addresses plaintiff's contention that "there is no valid contract with TecFolks, LLC." (Pl.'s Opp. at 2.) Plaintiff raises, for the first time in its opposition papers, that "Kavita Sethi did not actually sign the contract nor did she initial the bottom of each page of the contract."[3] (*Id.*)  Although plaintiff cites to a May 9, 2012 affidavit

---

[3] Kavita Sethi serves as President of TecFolks.

from Kavita Sethi to support this contention, no such affidavit has been submitted to the Court.[4] As such, there is no evidentiary basis to even consider this argument.[5]

Turning now to the four part analysis to determine whether to dismiss a claim based upon a forum selection clause, the Court finds that the first three parts of the analysis have been met. As to the first inquiry, the forum selection clause was reasonably communicated to TecFolks as it was clearly identified and labeled in the Contract, and was not altered or otherwise disturbed by the Addendum. The third inquiry, which requires a court to determine whether the claims and parties to the action are subject to the forum selection clause, is also satisfied. The forum selection clause was broadly drafted to encompass "any dispute . . . relating to or arising out of this contract." Here, plaintiff's breach of contract claim arises out of the Contract while plaintiff's fraud in the inducement claim relates to the Contract.

The prong which TecFolks primarily disputes is the second, which requires the court to determine whether the clause is mandatory or permissive. In determining whether the forum selection clause is mandatory or permissive, the "initial focus is on the language of the contract." *Phillips*, 494 F.3d at 386. "A forum selection clause is viewed as mandatory when it confers

---

[4] While it was defendants' obligation to electronically file the fully briefed motion with the Court, counsel for defendants indicate that Kavita Sethi's "Affidavit was not received by the undersigned, nor was it filed electronically by Plaintiff." (Reply at 3.) It is also worth noting that plaintiff's counsel, in contravention of the Court's "Bundle Rule," electronically filed his opposition papers on May 11, 2012. (*See* Docket No. 8.) Absent from these papers is the referenced Sethi Affidavit.

[5] It should be noted, however, that plaintiff's belated assertion that it never entered into the contract would be inconsistent with its Complaint, which asserts claims against defendants for breach of contract and for fraudulently entering into the contract with plaintiff. Indeed, the Complaint contains allegations that plaintiff signed the contract, *see* Compl. ¶¶ 10-11, 25, and the Contract containing Kavita Sethi's signature was attached as an exhibit to the Complaint.

exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *Id.* at 386; *see also Baosteel America, Inc. v. M/V "Ocean Lord"*, 257 F. Supp. 2d 687, 689 (S.D.N.Y. 2003) ("Exclusive jurisdiction can be granted to a forum without the use of specific language of exclusion."). However, "[w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*, 22 F.3d 51, 52-53 (2d Cir. 1994) (internal quotation marks and citation omitted). Essentially, "[t]he words of the clause must be considered in context to determine whether they simply make venue proper in a jurisdiction, or exclude venue in any other jurisdiction." *Giro, Inc. v. Malaysian Airline Sys. Berhad*, 2011 WL 2183171, at *4 (S.D.N.Y. June 3, 2011).

In this case, the forum selection clause indicates that "the forum and place of any dispute and resolution of any dispute, relating to or arising out of this contract, shall be in the State of California . . . ." (Compl., Ex. A.) While the word "shall" does not, standing alone, create exclusive jurisdiction, *see, e.g.*, *John Boutari*, 22 F.3d at 52; *Giro, Inc.*, 2011 WL 2183171, at *4, the clause's sentence structure, namely beginning with "*the forum*" and incorporating the term "*shall*," confers exclusive jurisdiction on the State of California. Accordingly, the forum selection clause is mandatory.

Notwithstanding the language of the forum selection clause, plaintiff maintains that if the clause is mandatory, it would negate the mediation and arbitration clause of the contract, which states that "any dispute arising hereunder, which the parties cannot resolve between themselves, using good faith, may be referred to a court certified mediator in Orange County in the State of California." (Compl., Ex. A.) Therefore, plaintiff urges the court to find that the forum selection

6

clause is permissive, not mandatory. This argument is unpersuasive. Contrary to plaintiff's belief, the forum selection clause does not negate the arbitration clause. If anything, the two clauses appear to compliment one another. The forum selection clause requires any dispute to be brought in the State of California whereas the mediation and arbitration indicates that any dispute *may* be referred to mediation in Orange County, California. In other words, while a dispute must be brought in California, the option is available to have that dispute mediated, also in California.

Since the first three elements have been met, the forum selection clause is presumptively enforceable. Under these circumstances, plaintiff must make a sufficiently strong showing that enforcing the forum selection clause is unreasonable or unjust, or that the clause was invalid. He has not done so in this case. In fact, plaintiff fails to make *any* showing that would rebut the clause's presumption of enforceability.[6] As such, plaintiff's complaint must be dismissed in light of the contract's forum selection clause.

---

[6] Although plaintiff alleges in the Complaint that defendants fraudulently induced it to enter into the contract because defendants knew they were incapable of satisfying the terms of the contract, such a claim would not permit the inference that the inclusion of the forum selection clause in the Contract was the result of fraud or overreaching. *See S.K.I. Beer Corp*, 612 F.3d at 711.

7

## *CONCLUSION*

For the reasons set forth above, defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(3) is GRANTED.  The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
December 4, 2012

_____/s/_____
Denis R. Hurley
Senior District Judge